UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CINDY HAYES,

          Plaintiff,

          v.           Case No. 22-CV-477

BMO HARRIS BANK N.A.,

          Defendant.

## STIPULATED PROTECTIVE ORDER

Based on the stipulation of the parties, the Court finds that the exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Protective Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Protective Order are fair and just, and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

1

1. <u>Purpose</u>. The purpose of this Protective Order is to facilitate document disclosure and production under the Federal Rules of Civil Procedure and Local Rules of the District Court in and for the Eastern District of Wisconsin in relation to the above-captioned action, while allowing the parties to protect and abide by their contractual obligations to protect trade secrets, sensitive personal and financial data, and other commercially sensitive information which may be the subject of discovery in this case.

2. <u>Scope</u>. All materials produced or adduced in the course of discovery, including, without limitation, responses to discovery requests, deposition testimony and exhibits, third-party documents and deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively referred to as the "documents"), shall be subject to this Protective Order concerning Confidential Information (as defined below). This Protective Order is subject to the Local Rules of the District Court of the Eastern District of Wisconsin and the Federal Rules of Civil Procedure.

3. <u>Confidential Information</u>. As used in this Protective Order, "Confidential Information" means any information determined by a party to this litigation, acting in good faith, to contain non-public information constituting a trade secret, or other non-public confidential technical, commercial, competitive, proprietary, personal, business and/or financially sensitive information.

4. <u>Designation</u>.

    a. Plaintiff and Defendant may in her and its sole discretion designate any documents or information produced during discovery as "CONFIDENTIAL" if she or it, in good faith, believes that the designated material falls within the definition of Confidential Information set forth above.

    b. Each party shall have the same right to designate as "CONFIDENTIAL" any documents or other information that are produced by the opposing party, or a non-party pursuant to subpoena, consistent with the terms set forth in Paragraph 4(c) below.

    c. A party may designate a document or documents (including documents received from the opposing party and from non-parties pursuant to subpoena) as Confidential Information for protection under this Protective Order by typing or stamping the first page of the document with the word "CONFIDENTIAL," or by informing counsel for the receiving party in writing that the documents are "CONFIDENTIAL." Discovery responses and answers designated "CONFIDENTIAL" may be set forth generally. Deposition testimony or portions of the testimony may be designated "CONFIDENTIAL" on the record of the deposition or by letter to all counsel mailed within thirty (30) days after receipt of the deposition transcript by designating to counsel each page of the document in a manner that will not interfere with the legibility of the document.

3

In the event that a document is produced in a form or format that is incapable of the contemplated affixation, the parties agree that production of such a document will not waive the confidential treatment of that document, so long as the producing party clearly indicates that such a document should be designated as Confidential Information.

5. <u>Non-Party Designation</u>. A non-party producing documents or information in the above-captioned litigation shall have the same rights as the parties to designate such material as "CONFIDENTIAL" if the non-party, in good faith, believes that the designated material falls within the definition of Confidential Information set forth above. A non-party shall have no further rights under this Protective Order other than the ability to designate its documents and information as Confidential Information. If either party contests the propriety of a designation by a non-party, the issue may be resolved by the Court in its sole discretion.

6. <u>Designation of Information Disclosed at Depositions</u>. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the thirty (30) days after the transcript is delivered to any party or the witness. During this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter

only those portions identified in the Notice of Designation shall be protected by the terms of this Protective Order.

    7.    <u>Protection of Confidential Material</u>.

    a.    General Protections. Documents or information or packets of documents or information designated as "CONFIDENTIAL" shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in connection the above-captioned litigation, including any appeal thereof.

    b.    Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose, display, show, or permit the disclosure of any information designated as "CONFIDENTIAL" to any person or entity, other than the following categories of persons who may be allowed to review Confidential Information in connection with this litigation subject to the following conditions:

    i.    Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    ii.    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    iii.    The Court and its personnel;

    iv.    Court Reporters, Recorders and Mediators. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material;

v. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi. Consultants and Experts. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii. Witnesses at depositions or trial. During their depositions or at trial, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

viii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

ix. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered; and

x. Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

8. <u>Challenges by a Party to Designation as Confidential Information</u>. If a party believes that any material produced or disclosed has been improperly designated as "CONFIDENTIAL," it may, at any time, contest the appropriateness of that designation

6

by notifying the designating party in writing and identifying the particular information or material for which the designation is contested. If the parties are unable to come to an agreement regarding the contested designation within fifteen (15) business days of the notice contesting the designation, a party may challenge the designation by filing a motion with the court. The movant must accompany such a motion with a statement demonstrating that it has made a good faith effort to resolve the challenge through discussion with the designating party as required by Civil L. R. 37. The burden of persuasion in any such challenge proceeding shall be on the designating party. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Protective Order.

9. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. Documents or deposition testimony containing Confidential Information that are unintentionally produced or disclosed without designation may be retroactively designated as "CONFIDENTIAL" by giving written notice to the opposing party and marking the material as described in Paragraph 4. If a party designates a document as "CONFIDENTIAL" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document

is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

10. <u>Filing of Confidential Information</u>. To the extent that any of the records and information designated as "CONFIDENTIAL" are filed with the Court or are substantively incorporated in any papers to be filed by the Court, the records and papers must be redacted only to the extent necessary to conceal such Confidential Information. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED," utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party. A reference to this Protective Order may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

11. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Protective Order shall be construed to affect the use of any document, material, or

information at any trial or hearing. If any party elects to use Confidential Information at trial, that party shall give notice of its intention to the Court and the other party at or before the final pretrial conference in this matter. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Any party may move the Court for an order, upon good cause shown, that the foregoing notice requirement shall not apply to a particular document or item of information. The parties understand and agree that good cause may include, without limitation, the need to impeach or rebut surprise testimony or testimony that is outside the scope of a witness's previous statements.

12. <u>Party's Use of Its Own Confidential Information</u>. Nothing in this Protective Order shall restrict a party's use of Confidential Information authored or created by that party.

13. <u>No Greater Protection of Specific Documents</u>. Except on privilege grounds not addressed by this Protective Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

14. <u>Confidential Information Subpoenaed or Order Produced in Other Litigation</u>. Nothing in this Protective Order shall prevent a party from complying with a subpoena, court order, or other legal obligation to produce information. In the event that a party is served with a subpoena or other request calling for the production of

9

information designated by another party as Confidential Information, the served party shall notify the designating party as soon as practicable, and, in any event, no more than three (3) business days after receiving the subpoena, request, or order so that the designating party may take all steps that it deems necessary to protect the Confidential Information. Such notification must include a copy of the subpoena, request, or order.

15. <u>No Waiver of Objections on Other Grounds</u>. Nothing in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the relevancy, admissibility, or discoverability of any information sought or produced in the above-captioned litigation.

16. <u>Definitions</u>. The following definitions shall apply to this Protective Order:

   a. "Party" means a party to this action, an affiliated entity, and any employee of such party or affiliated entity.

   b. "Produced material" means any testimony, document, information interrogatory answer, or thing obtained by any party or counsel for any party through discovery in this litigation, including testimony, documents and information obtained from nonparty witnesses or any information received as documents produced herein.

   c. "Receiving party" means any party, including the party's counsel, to whom produced material is furnished.

d. "Disclose" means to reveal, provide, describe or make known to any person produced material or any information contained therein.

17. <u>Miscellaneous</u>. Any party may move the court with notice to all parties (a) to enter an order extending or otherwise modifying this Protective Order or relieving such party from any provision hereof, or (b) to enter any other protective orders as may be appropriate. Further, within thirty (30) days following conclusion of this action, all produced material and documents containing produced material held by persons other than the court, including all copies, shall be returned to the producing party or destroyed. Counsel for the parties shall be entitled to retain copies of papers filed with the court referring to produced material, but such papers shall be used solely for the purpose of preserving a file on this case and shall not be disclosed to any other person.

18. The terms of this Protective Order shall survive and remain in effect after the termination of this lawsuit.

Dated at Milwaukee, Wisconsin this 24th day of October, 2022.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CINDY HAYES, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:22CV00477 |
| | ) |
| | ) |
| BMO HARRIS BANK N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ATTACHMENT A: AGREEMENT TO BE BOUND**

      I have been given and read a copy of the Protective Order dated _____, 2022, in the above-captioned action and attached hereto (hereinafter referred to as the "Protective Order"). I understand the terms thereof and agree to be bound by and will strictly adhere to the contents of the Protective Order. I understand that produced material disclosed to me is subject to the Protective Order and any further order of this court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by the court. I also understand that my execution of this Acknowledgement and Agreement to Be Bound, indicating my agreement to be bound by the terms thereof, is a prerequisite to my review of any produced materials, as defined in the Protective Order, and I herein and hereby submit to the jurisdiction of the District Court in and for the Eastern District of Wisconsin in matters relating to the Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and prohibit me from disclosing any such Confidential Information to any other person, firm or concern.

By:_____
Name:_____